JS - 6    LINKS: 1, 7, 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7242 GAF (PLAx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Azniv Kelayjian et al v. AM Trust Bank FSB et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**        (In Chambers)

## ORDER RE: SUBJECT MATTER JURISDICTION

### I. INTRODUCTION

Plaintiffs Azniv Kelayjian and Hovsep J. Berejikyan bring this action against Defendants Am Trust Bank, F.S.B. ("Am Trust"), JP Morgan Chase Bank, N.A. ("JP Morgan"), NDeX West, LLC ("NDeX West"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Does 1-50. (Docket No. 1.1, [Not. of Removal ("Not.")], Ex. 7 [Compl.] at 1.) Plaintiffs seek to quiet title to their property. (Id.) Defendants move to dismiss for failure to state a claim, and Plaintiffs' move "to compel defendants' attorneys to submit an affidavit to the court stating whether or not they are representing the holder in due course [etc.] . . . ." (Docket Nos. 7, 12.)

For the reasons set forth below, the Court concludes that because Defendants failed to meet their burden of properly alleging the citizenship of all parties in removing this action, they have failed to establish subject matter jurisdiction. The Court therefore **REMANDS** this action to Los Angeles County Superior Court. Accordingly, the Court **VACATES** all pending motions.

### II. BACKGROUND

On July 09, 2012, Plaintiffs filed a complaint in Los Angeles County Superior Court seeking to quiet title to the property located at 273 Maiden Lane in Montebello, California ("the

JS - 6    LINKS: 1, 7, 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7242 GAF (PLAx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Azniv Kelayjian et al v. AM Trust Bank FSB et al | | |

Property"). (Compl. at 1.) Plaintiffs question the validity of assignments of the deed of trust and the recording of notice of default. (Id. ¶¶ 21, 44, 45.) Plaintiffs seek a declaration that the deed of trust be deemed void, a declaration that the promissory note be deemed fully discharged, a declaration of quiet title, and a judgment preventing Defendants from ever claiming an interest in the Property. (Id. ¶¶ 60-63.) A first amended complaint ("FAC") was also filed on July 9, 2012. (Docket No. 1.2, Not., Ex. Part 2 at 98; Not. ¶ 2.) Defendants did not attach a complete copy of the FAC. While ordinarily the Court would order Defendants to do so, because the parties in the action remained the same, the Court does not require the complete FAC for purposes of this Order.

Defendants timely removed this case on August 23, 2012 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Not.) All properly served Defendants joined in removal. (Id. ¶¶ 1, 5.) Defendants filed a motion to dismiss on August 30, 2012. (Docket No. 7.)[1] Plaintiffs filed a motion to compel on September 11, 2012. (Docket No. 12.)

**II.
DISCUSSION**

**A. LEGAL STANDARD**

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). Generally, a defendant seeking removal bears the burden of proving the federal court's subject matter jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Removal statutes are strictly construed against removal jurisdiction. Id.

Federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and if the matter is between citizens of different states. 28 U.S.C.

---

[1] Defendant NDeX West did not join in this motion. Default was entered by the clerk as to NDeX West on August 31, 2012 for failure to defend in this action. (Docket No. 10.) Defendant Am Trust also did not join because Am Trust was not properly served. (Not. ¶ 5.)

JS - 6    **LINKS: 1, 7, 12**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7242 GAF (PLAx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Azniv Kelayjian et al v. AM Trust Bank FSB et al | | |

§ 1332(a).  "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant."  Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004).  A person's state of citizenship is "determined by her state of domicile, not her state of residence."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  For trusts, diversity citizenship is based on the citizenship of the trustees.  Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  A national banking association is deemed to be "located" for the purposes of citizenship in the state in which its main office, as set forth in its articles of incorporation, is located.  Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006).  And finally, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."  Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

**B. APPLICATION**

The citizenship of Plaintiffs, JP Morgan, MERS, and Am Trust was properly alleged.  (Not. ¶¶ 11, 12, 14, 16.)[2]  However, the citizenship of NDeX West has not been adequately alleged.  It is the burden of the removing party to establish diversity jurisdiction.  Defendants have not met that burden.

"NDeX West is a single-member limited liability company organized in Delaware and headquartered in Texas."  (Id. ¶13.)  NDeX West therefore has the citizenship of its owners/members.  "The . . . sole member of NDeX West is National Default Exchange Holdings, LP ("NDeX Holdings"), a Delaware limited partnership headquartered in Texas."  (Not. ¶ 13.)  Accordingly, NDeX Holdings has the citizenship of its owners/members.  NDeX Holdings is made up of: (1) National Default Exchange Management, Inc. ("NDeX Management"), a Delaware corporation headquartered in Texas; (2) American Processing Company, LLC ("APC"); and (3) an entity called "THP/NDEX AIV, LP ("THP LP").  (Id.)  Accordingly, the citizenship of APC and THP LP must have been adequately alleged.  "100% of the general partnership interests of THP LP are owned by APC.  100% of the limited partnership interests of THP LP are owned by THP/NDex AIV Corp. ("THP Corp"), a Delaware Corporation headquartered in Minnesota."  (Id.)  "APC, in turn, is owned 94% by Dolan APC LLC ("Dolan APC") . . . and the remaining 6% is owned by various individuals, all of whom are residents of the state of Texas."  (Id.)  Dolan APC is a Delaware corporation headquartered in

---

[2] Defendants also alleged the citizenship of Fannie Mae (Federal National Mortgage Association), although it is not a named defendant.  (Not. ¶ 15.)

JS - 6          **LINKS: 1, 7, 12**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7242 GAF (PLAx) | Date | September 27, 2012 |
|---|---|---|---|
| Title | Azniv Kelayjian et al v. AM Trust Bank FSB et al | | |

Minnesota.  (Id.)

The problem here arises from the alleged citizenship of APC.  As an LLC it has the citizenship of all its owners/members.  6% of APC, as detailed above, is owned by individuals. It is axiomatic at this point that a person's state of citizenship is "determined by her state of domicile, not her state of residence."  Kanter, 265 F.3d at 857.  All Defendants have alleged is that the individual owners of APC are "residents of the state of Texas."  (Not. ¶ 13.)  This is plainly insufficient.  A Texas resident could very well be a California citizen.  This distinction is not semantic, as "[a] person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  Kanter, 265 F.3d at 857.

Defendants have not met their burden to establish subject matter jurisdiction in this Court.

### III.
### CONCLUSION

Because "the party asserting diversity jurisdiction bears the burden of proof" in asserting citizenship, Defendants' failure to properly allege NDeX West's citizenship "was fatal to Defendants' assertion of diversity jurisdiction."  Kanter, 265 F.3d at 857-58.  Diversity was Defendants' only ground for removal, and therefore Defendants did not establish subject matter jurisdiction in this Court.

Accordingly, this action is **REMANDED** Los Angeles County Superior Court.  All pending motions and the hearing currently scheduled for October 1, 2012 are hereby **VACATED**.


**IT IS SO ORDERED.**